# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:10-CV-573-FDW-DCK

| | |
|---|---|
| JENNIFER L. WILSON, | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| SUNTRUST BANK, INC., and JOHN DOES (1-10), | ) |
| Defendants. | ) |

THIS MATTER is before the Court on *pro se* Plaintiff's Emergency Motion for Temporary Restraining Order ("Motion for TRO"). (Doc. No. 3). Because this Court lacks subject-matter jurisdiction, Plaintiff's Motion for TRO is DENIED.[1]

Plaintiff's Complaint alleges that subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, commonly referred to as federal question jurisdiction.[2] (Compl. ¶ 3). However, the well-pleaded complaint rule requires that the federal question appear on the face of a properly-pleaded complaint, otherwise jurisdiction is lacking. Columbia Gas Transmission Corp. v. Drain, 237 F.3d 366, 370 (4th Cir. 2001) (citing Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 808 (1986)). "To establish federal question jurisdiction, [plaintiffs] bear the burden of demonstrating that a

---

[1] This Court is obligated to determine *sua sponte* whether it has jurisdiction. See, e.g., Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004).

[2] In an abundance of caution, the Court also notes that it lacks diversity jurisdiction pursuant to 28 U.S.C. § 1332. Although Plaintiff has not asserted diversity jurisdiction, as the party invoking the Court's jurisdiction, Plaintiff bears the burden of demonstrating that diversity jurisdiction exists. Hertz Corp. v. Friend, ___ U.S. ___, 130 S. Ct. 1181, 1194 (2010). By naming ten Does as Defendants, but then failing to provide any information of their citizenship, Plaintiff has not satisfied the complete-diversity requirement. See Exxon Mobil Corp. v. Allapattah Serv., Inc., 545 U.S. 546, 553-54 (2005); Fifty Assoc. v. Prudential Ins. Co. of America, 446 F.2d 1187, 1191 (9th Cir. 1970) ("In the federal courts 'John Doe' casts no magical spell on a complaint otherwise lacking in diversity jurisdiction"). Additionally, Plaintiff has provided no allegation that the amount-in-controversy exceeds $75,000. 28 U.S.C. § 1332.

substantial question of federal law is raised by their complaint.." Scott v. Wells Fargo Home Mortg. Inc., 326 F. Supp. 2d 709, 719 (E.D.Va. 2003) (citing Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148 (4th Cir. 1994)).

Here, Plaintiff has failed to raise a substantial question of federal law. Plaintiff's Complaint seeks relief for three purported causes of action. The first two causes of action, for wrongful foreclosure and to quiet title, respectively, arise under state common law. Although it is well-established that federal courts enjoy federal question jurisdiction over some state law claims, the scope of jurisdiction has been limited to those claims that "'really and substantially involv[e] a dispute or controversy respecting the validity, construction, or effect of [federal] law.'" Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 313 (2005) (quoting Shulthis v. McDougal, 225 U.S. 561, 569 (1912)). Plaintiff's state-law claims do not involve a question of federal law, but instead turn on the validity of a mortgage note and a deed of trust, (Compl. ¶¶ 7-36) – issues governed by state law. See, e.g., In re American Appliance, 272 B.R. 587, 596 (Bankr. D.N.J. 2002) (citing Butner v. United States, 440 U.S. 48 (1979)).

Plaintiff's third purported cause of action challenges Defendants' standing to initiate non-judicial foreclosure proceedings. Plaintiff apparently attacks Defendants' standing to foreclose on Plaintiff's home on the grounds that Defendants do not hold a valid note, (Compl. ¶ 37), and thus Plaintiff's standing challenge merges with her wrongful foreclosure action and fails to invoke a substantial federal question. To the extent Plaintiff's standing challenge invokes the federal Constitution, (Compl. ¶ 41), Plaintiff appears to misconstrue the nature of the federal standing requirement, which is to enforce the Article III case-or-controversy requirement. See, e.g., DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 (2006). The standing requirement thus applies only to federal judicial actions, see id., not a "non-judicial foreclosure proceeding." (Compl. ¶ 39).

Furthermore, to the extent Plaintiff appears to be challenging Defendants' standing before this Court, (Compl. ¶¶ 42, 49(b)), Plaintiff misunderstands the standing requirement, which places the burden on plaintiffs availing themselves of federal courts to demonstrate standing. Id. at 352 (citations omitted).[3]

IT IS THEREFORE ORDERED that Plaintiff's Motion for TRO (Doc. No. 3) is DENIED.

IT IS SO ORDERED.

Signed: November 15, 2010

Frank D. Whitney
United States District Judge

---

[3] Even assuming, *arguendo*, the Court has jurisdiction, Plaintiff has failed to make the necessary showing to issue a TRO. See Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 374 (2008).