UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:10-CV-573-FDW-DCK

| | |
|---|---|
| JENNIFER L. WILSON, | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| SUNTRUST BANK, INC., and JOHN DOES (1-10), | ) |
| Defendants. | ) |

THIS MATTER is before the Court *sua sponte* regarding the status of this case. On January 18, 2011, both parties separately filed a Certification of Initial Attorneys' Conference pursuant to Fed. R. Civ. P. 26(f). (Docs. Nos. 8, 9). In light of the Court's order of November 15, 2011, denying *pro se* Plaintiff's Motion for Temporary Restraining Order (Doc. No. 4), the Court does not believe it has subject matter jurisdiction to consider Plaintiff's claims.[1] Accordingly, because jurisdiction is a threshold question, see, e.g., Discover Bank v. Vaden, 396 F.3d 366, 367 (4th Cir. 2005), the Court is unable to allow discovery to move forward absent a showing that it, in fact, does have subject matter jurisdiction in this case.

Plaintiff is hereby ORDERED TO SHOW CAUSE why her Complaint should not be dismissed without prejudice for lack of subject matter jurisdiction. In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advises Plaintiff, who is proceeding *pro se*, that she carries the burden in showing that subject matter jurisdiction exists. In Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765 (4th Cir. 1991), the Fourth Circuit recognized:

---

[1] The Court is obligated to determine *sua sponte* whether it has jurisdiction. See, e.g., Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004).

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982); Trentacosta v. Frontier Pac. Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir. 1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Trentacosta, supra, 813 F.2d at 1559 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Trentacosta, supra, 813 F.2d at 1558. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989); Shultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir.1989).

Richmond, Fredericksburg & Potomac R.R. Co., 945 F.2d at 768-69.

Plaintiff is advised that she must respond to this Order by filing a memorandum demonstrating the Court's subject matter jurisdiction in light of the above standard within twenty-one (21) days of entry of this Order, or by **Monday, February 14, 2011**. Plaintiff's response must be served on Defendant and must include a certificate of service indicating the manner in which Plaintiff served Defendant. <u>Plaintiff is further warned that her failure to respond may result in her action being dismissed without prejudice.</u>

The Clerk is directed to send a copy of this Notice to Plaintiff at 4360 Highway 49 S. 500-251, Harrisburg, NC 28075, Plaintiff's address of record, and to counsel for the Defendant.

IT IS SO ORDERED.               Signed: January 24, 2011

*[Signature]*

Frank D. Whitney
United States District Judge