# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:10-CV-573-FDW-DCK

| | |
|---|---|
| JENNIFER L. WILSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SUNTRUST BANK, INC., and JOHN DOES )<br>(1-10), )<br>)<br>Defendants. ) | ORDER |

THIS MATTER is before the Court *sua sponte* in response to Plaintiff's Memorandum in Support of Subject Matter Jurisdiction (Doc. No. 12).

Plaintiff filed a Complaint and Emergency Motion for Temporary Restraining Order ("TRO") on November 12, 2010, seeking to enjoin the foreclosure sale of the property at 7801 Pinecroft Court, Harrisburg, North Carolina. The Court denied Plaintiff's TRO (Doc. No. 4), noting that the Court lacked federal question jurisdiction, which was the only basis for jurisdiction alleged in Plaintiff's Complaint. After Defendant SunTrust answered, the parties conducted a Rule 26(f) initial attorney's conference. (Docs. No. 8, 9). Before issuing a Case Management Order, the Court ordered Plaintiff to show cause how the Court had subject matter jurisdiction because, based on the allegations contained in the Complaint, there appeared to be no federal question. (Docs. Nos. 4, 11). Plaintiff's response to the Court's show-cause order argues that jurisdiction exists under *both* federal question, 28 U.S.C. § 1331, and diversity jurisdiction, 28 U.S.C. § 1332. Additionally, Plaintiff appears to add new claims for relief under 12 U.S.C. §§ 2605, 2607 and/or 2608, which did not appear in her Complaint.

Because Plaintiff's Memorandum presents new theories of subject matter jurisdiction, and

facts and claims for relief other than those raised in her Complaint, the Court hereby ORDERS Plaintiff to file an amended complaint. Plaintiff's amended complaint should comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure:

> **(a) Claim for Relief**. A pleading that states a claim for relief must contain:
>
> **(1)** a short and plain statement of the grounds of the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and
> **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). In order to satisfy Rule 8, Plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Plaintiff has until **Thursday, March 17, 2011**, to amend her Complaint. Such amended complaint must be served on Defendant, and Plaintiff must include a certificate of service indicating the manner in which she served such parties. Defendant is directed to timely refile responsive pleadings following receipt of Plaintiff's amended complaint.

IT IS SO ORDERED.   Signed: February 17, 2011

Frank D. Whitney
United States District Judge