**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL NO. 3:10-cv-573-FDW-DCK**

| | |
|---|---|
| JENNIFER L. WILSON ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | **NOTICE** |
| SUNTRUST BANK, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

THIS MATTER is before the Court on Defendant Jennifer F. Thomas's, Assistant Clerk of Superior Court of Carrabus County, Motion to Dismiss for lack of subject matter and personal jurisdiction, insufficient service of process, and for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(1)-(2), (5)-(6). (Doc. No. 27). Plaintiff is hereby advised of the burden she carries in confronting Defendant's Motion, as well as her obligation to respond. Plaintiff will have twenty-one (21) days from the date of this Notice, or until Wednesday, May 18, 2011, in which to respond.

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advises Plaintiff, who is proceeding *pro se*, that he carries the burden in showing that subject matter jurisdiction exists. In Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765 (4th Cir. 1991), the Fourth Circuit recognized:

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982); Trentacosta v. Frontier Pac. Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir. 1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Trentacosta, supra, 813 F.2d at

   1559 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Trentacosta, supra, 813 F.2d at 1558. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989); Shultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir.1989).

Richmond, Fredericksburg & Potomac R.R. Co., 945 F.2d at 768-69.

  In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), *pro se* Plaintiff is further advised that she carries the burden of demonstrating that this Court has personal jurisdiction over Defendant in this matter. To satisfy this burden, Plaintiff must demonstrate that she served process–including a copy of the Amended Complaint and Summons–in a manner consistent with the requirements of Rule 4 of the Federal Rules of Civil Procedure. A failure to sufficiently serve process upon a defendant pursuant to the requirements of Rule 4 deprives the district court of personal jurisdiction over that defendant. See, e.g., Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998).

  Finally, in order to survive a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, Plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

  Plaintiff is hereby advised that she has twenty-one (21) days from the date of this Order, or until **Wednesday, May 18, 2011**, to file his response to Defendant's Motion in light of the above standard. Plaintiff's response must address all grounds for dismissal. Plaintiff's response must be

served on Defendant and must include a certificate of service indicating the manner in which Plaintiff served Defendant.  <u>Plaintiff's failure to respond may result in Defendant being granted the relief she seeks, which is dismissal of Plaintiff's Amended Complaint.</u>

The Clerk is directed to send a copy of this Notice to Plaintiff at 4360 Highway 49 S. 500-251 Harrisburg, NC 28075, which is Plaintiff's address of record, and to counsel for the Defendant.

IT IS SO ORDERED.

Signed: April 27, 2011

*[signature]*

Frank D. Whitney
United States District Judge

**Federal Rules of Civil Procedure, Rule 4.  Summons.**

**(a) Contents; Amendments.**
    **(1)** *Contents.* A summons must:
        **(A)** name the court and the parties;
        **(B)** be directed to the defendant;
        **(C)** state the name and address of the plaintiff's attorney or--if unrepresented--of the plaintiff;
        **(D)** state the time within which the defendant must appear and defend;
        **(E)** notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint;
        **(F)** be signed by the clerk; and
        **(G)** bear the court's seal.
    **(2)** *Amendments.* The court may permit a summons to be amended.

**(b) Issuance.** On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant. A summons--or a copy of a summons that is addressed to multiple defendants--must be issued for each defendant to be served.

**(c) Service.**
    **(1)** *In General.* A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.
    **(2)** *By Whom.* Any person who is at least 18 years old and not a party may serve a summons and complaint.
    **(3)** *By a Marshal or Someone Specially Appointed.* At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under **28 U.S.C. § 1915** or as a seaman under **28 U.S.C. § 1916**.

**(d) Waiving Service.**
    **(1)** *Requesting a Waiver.* An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons. The notice and request must:
        **(A)** be in writing and be addressed:
            **(i)** to the individual defendant; or
            **(ii)** for a defendant subject to service under Rule 4(h), to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process;

        **(B)** name the court where the complaint was filed;
        **(C)** be accompanied by a copy of the complaint, two copies of a waiver form, and a prepaid means for returning the form;
        **(D)** inform the defendant, using text prescribed in Form 5, of the consequences of waiving and not waiving service;
        **(E)** state the date when the request is sent;
        **(F)** give the defendant a reasonable time of at least 30 days after the request was sent--or at least 60 days if sent to the defendant outside any judicial district of the United States--to return the waiver; and
        **(G)** be sent by first-class mail or other reliable means.
    **(2)** *Failure to Waive.* If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
        **(A)** the expenses later incurred in making service; and
        **(B)** the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.
    **(3)** *Time to Answer After a Waiver.* A defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent--or until 90 days after it was sent to the defendant outside any judicial district of the United States.
    **(4)** *Results of Filing a Waiver.* When the plaintiff files a waiver, proof of service is not required and these rules apply as if a summons and complaint had been served at the time of filing the waiver.
    **(5)** *Jurisdiction and Venue Not Waived.* Waiving service of a summons does not waive any objection to personal jurisdiction or to venue.

**(e) Serving an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
    **(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
    **(2)** doing any of the following:
        **(A)** delivering a copy of the summons and of the complaint to the individual personally;
        **(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
        **(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

**(f) Serving an Individual in a Foreign Country.** Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served at a place not within any judicial district of the United States:
    **(1)** by any internationally agreed means of service that is reasonably calculated to give

notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

      **(2)** if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

          **(A)** as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

          **(B)** as the foreign authority directs in response to a letter rogatory or letter of request; or

          **(C)** unless prohibited by the foreign country's law, by:

              **(i)** delivering a copy of the summons and of the complaint to the individual personally; or

              **(ii)** using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

      **(3)** by other means not prohibited by international agreement, as the court orders.

**(g) Serving a Minor or an Incompetent Person.** A minor or an incompetent person in a judicial district of the United States must be served by following state law for serving a summons or like process on such a defendant in an action brought in the courts of general jurisdiction of the state where service is made. A minor or an incompetent person who is not within any judicial district of the United States must be served in the manner prescribed by Rule 4(f)(2)(A), (f)(2)(B), or (f)(3).

**(h) Serving a Corporation, Partnership, or Association.** Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

      **(1)** in a judicial district of the United States:

          **(A)** in the manner prescribed by Rule 4(e)(1) for serving an individual; or

          **(B)** by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; or

      **(2)** at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

**(i) Serving the United States and Its Agencies, Corporations, Officers, or Employees.**

      **(1)** *United States.* To serve the United States, a party must:

          **(A)(i)** deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or

              **(ii)** send a copy of each by registered or certified mail to the civil-process

clerk at the United States attorney's office;

    **(B)** send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

    **(C)** if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

  **(2)** *Agency; Corporation; Officer or Employee Sued in an Official Capacity.* To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

  **(3)** *Officer or Employee Sued Individually.* To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

  **(4)** *Extending Time.* The court must allow a party a reasonable time to cure its failure to:

    **(A)** serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States; or

    **(B)** serve the United States under Rule 4(i)(3), if the party has served the United States officer or employee.


**(j) Serving a Foreign, State, or Local Government.**

  **(1)** *Foreign State.* A foreign state or its political subdivision, agency, or instrumentality must be served in accordance with **28 U.S.C. § 1608**.

  **(2)** *State or Local Government.* A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:

    **(A)** delivering a copy of the summons and of the complaint to its chief executive officer; or

    **(B)** serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.


**(k) Territorial Limits of Effective Service.**

  **(1)** *In General.* Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant:

    **(A)** who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located;

    **(B)** who is a party joined under **Rule 14** or **19** and is served within a judicial district of the United States and not more than 100 miles from where the summons was issued; or

    **(C)** when authorized by a federal statute.

  **(2)** *Federal Claim Outside State-Court Jurisdiction.* For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:

    **(A)** the defendant is not subject to jurisdiction in any state's courts of general

jurisdiction; and

        **(B)** exercising jurisdiction is consistent with the United States Constitution and laws.

**(l) Proving Service.**

    **(1)** *Affidavit Required.* Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit.

    **(2)** *Service Outside the United States.* Service not within any judicial district of the United States must be proved as follows:

        **(A)** if made under Rule 4(f)(1), as provided in the applicable treaty or convention; or

        **(B)** if made under Rule 4(f)(2) or (f)(3), by a receipt signed by the addressee, or by other evidence satisfying the court that the summons and complaint were delivered to the addressee.

    **(3)** *Validity of Service; Amending Proof.* Failure to prove service does not affect the validity of service. The court may permit proof of service to be amended.

**(m) Time Limit for Service.** If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

**(n) Asserting Jurisdiction over Property or Assets.**

    **(1)** *Federal Law.* The court may assert jurisdiction over property if authorized by a federal statute. Notice to claimants of the property must be given as provided in the statute or by serving a summons under this rule.

    **(2)** *State Law.* On a showing that personal jurisdiction over a defendant cannot be obtained in the district where the action is brought by reasonable efforts to serve a summons under this rule, the court may assert jurisdiction over the defendant's assets found in the district. Jurisdiction is acquired by seizing the assets under the circumstances and in the manner provided by state law in that district.