# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:10-CV-573-FDW-DCK

| | |
|---|---|
| JENNIFER L. WILSON, | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| SUNTRUST BANK, INC., et al., | ) |
| Defendants. | ) |

THIS MATTER is before the Court on *pro se* Plaintiff's Motion for Entry of Default as to Defendant Residential Funding Company, LLC (Doc. No. 30). For the reasons set forth, Plaintiff's Motion is DENIED.

Pursuant to an order of this Court (Doc No. 14), Plaintiff amended her Complaint on March 17, 2011 (Doc. No. 15), adding Defendant Residential Funding Company, LLC (hereinafter "RFC"). Plaintiff submitted by certified mail a copy of the summons and Amended Complaint to RFC at Residential Funding Company, LLC c/o Corporation Service Company, 327 Hillsborough Street, Raleigh, North Carolina, 27603 (Doc. No. 18-4; Doc No. 30-1). Plaintiff herself signed the execution form as server and included her address of record. (Doc. No. 18-4). Defendant RFC has not answered, appeared, or otherwise responded. Plaintiff now moves for entry of default as to RFC arguing that the time in which to respond has expired.

The Federal Rules of Civil Procedure provides "[a]ny person who is at least 18 years old and *not a party* may serve a summons and complaint." Rule 4(c)(2) (emphasis added). It is well-established that this rule prohibits service of process by a party in all forms. Thus a plaintiff herself may not effectuate service by sending a copy of the summons and complaint through certified mail.

Reading v. United States, 506 F. Supp. 2d 13, 19 (D.D.C. 2007); Smith v. United States, 475 F. Supp. 2d 1, 9 (D.D.C. 2006); see also Follum v. N.C. State Univ., No. 5:08-cv-526-FL, 2009 WL 2869927 at *1 (E.D.N.C. Sept. 2, 2009) aff'd 2010 WL 1017940 (4th Cir. Mar. 19, 2010); The Late Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, 4A Federal Practice & Procedure § 1089.1 (3d ed. 2010). This rule also prohibits a plaintiff from sending a copy of a summons by certified mail to a corporation, partnership, or association. Jones-Rankins v. Cardinal Health, Inc., No. 10-CV-01626-PHX-FJM, 2011 WL 1253257 at *1 (D. Ariz. April 4, 2011).

Accordingly, because Plaintiff has failed to serve RFC in a manner consistent with the requirements of Rule 4, default cannot be entered against Defendant RFC. See Scott v. Dist. of Columbia, 598 F. Supp. 2d 30, 36 (D.D.C. 2009) (recognizing "default cannot be entered where there is insufficient service of process"); Maryland State Fireman's Ass'n v. Chaves, 166 F.R.D. 353, 354 (D. Md. 1996) (noting "it is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant"); Dahl v. Kanawha Inv. Holding Co., 161 F.R.D. 673, 685 (N.D. Iowa 1995) (default judgment is not proper where the record indicates defendants have never been properly served).

The Court reminds *pro se* Plaintiff that she is responsible for having the summons and Amended Complaint served in accordance with Rule 4. As noted above, the Rules permit service by any person who is at least 18 years old and not a party. Rule 4(c)(2). Service upon an individual must be executed in the manner prescribed by Rule 4(e):

> Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

>    (2) doing any of the following:
>>    (A) delivering a copy of the summons and of the complaint to the individual personally;
>>    (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>    (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Service upon a corporation, partnership, or association must follow the requirements of Rule 4(h):

> Serving a Corporation, Partnership, or Association. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>>    (1) in a judicial district of the United States:
>>>    (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>>>    (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; or
>>    (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Plaintiff has until 120 days after filing her Amended Complaint, or **by Friday, July 15, 2011**, to properly serve any Defendants in accordance with Rule 4. Rule 4(m). <u>If any named Defendant, including RFC, is not properly served in that period the Court may dismiss the action as to that Defendant.</u> <u>Id.</u>

IT IS THEREFORE ORDERED that Plaintiff's Motion for Entry of Default as to Residential Finance Company, LLC (Doc. No. 30) is DENIED.

The Clerk is directed to send a copy of this Order to Plaintiff at 4360 Highway 49 S. 500-251, Harrisburg, North Carolina 28075, and to counsel for Defendants.

IT IS SO ORDERED.

Signed: May 4, 2011

Frank D. Whitney
United States District Judge