# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:10-CV-573-FDW-DCK

| | |
|---|---|
| JENNIFER L. WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| SUNTRUST BANK, INC., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

THIS MATTER is before the Court on *pro se* Plaintiff's Response to the Court's Order to Show Cause (Doc. No. 47). Having reviewed Plaintiff's Response, the Court construes the Response and accompanying Affidavit to be a Motion for Voluntary Dismiss pursuant to Fed. R. Civ. P. 41(a)(2). Because venue is improper in the Western District of North Carolina, Plaintiff's Complaint is DISMISSED without prejudice.

Plaintiff filed suit on November 12, 2010, seeking to enjoin the foreclosure sale of the property located at 7801 Pinecroft Court, Harrisburg, North Carolina 28075 in Cabarrus County. (Compl. ¶ 1). The Court denied Plaintiff's Emergency Motion for Temporary Restraining Order (Doc. No. 4) and pursuant to an order of this Court, Plaintiff amended her Complaint on March 17, 2011. (Doc. No. 15). Plaintiff's Amended Complaint alleges that venue in the Western District of North Carolina is proper because "the closing of the loan secured by the subject property was performed by State Street Title Group, LLC and the subject property and Plaintiff are all located within the District of this Court." (Am. Compl. ¶ 3). The Court recognized, however, that Cabarrus County, North Carolina–the situs of the subject property and Plaintiff's current location–is located entirely within the Middle District of North Carolina. The Court ordered Plaintiff to show cause

how venue is proper in the Western District pursuant to 28 U.S.C. § 1391, *et seq.*, on May 4, 2011.

Plaintiff responded to the Court's Show Cause Order on May 25, 2011, and admitted that "venue may be incorrect." (Doc. No. 47 at 1). Plaintiff further stated although the "Court has discretion to transfer this civil action to the Middle District [of] North Carolina" pursuant to 28 U.S.C. § 1404, Plaintiff had already "initiated the steps necessary to have this civil action moved to the proper venue." (Id.) To Plaintiff's Response, Plaintiff attached an "Affidavit of Mistake" detailing her reasons for filing suit in this District and describing her efforts to "correct this mistake." (Wilson Aff. ¶ 9). Importantly, Plaintiff states she "has since filed a new complaint in the Middle District Court and has had the new complaint properly served upon all parties." (Wilson Aff. ¶ 8). Indeed, the Court takes judicial notice that on May 16, 2011, Plaintiff filed a complaint in the Middle District of North Carolina. See Wilson v. Suntrust Bank Inc., et al., No. 1:11-cv-390-UA-LPA (M.D.N.C.).

Because Plaintiff admits that venue in this District is improper and has taken the step of re-filing her complaint in another district instead of seeking transfer of this action pursuant to 28 U.S.C. § 1404, the Court construes Plaintiff's Response to be a Motion for Voluntary Dismissal pursuant to Rule 41(a)(2). Rule 41(a)(2) provides "[e]xcept as provided in rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper" subject to certain limitations which are inapplicable. The Court will exercise its discretion, see, e.g., Walter Kidde Portable Equip., Inc. v. Universal Sec. Instruments, Inc., 479 F.3d 1330, 1336 (Fed. Cir. 2007), and GRANT Plaintiff's Motion.

IT IS THEREFORE ORDERED that Plaintiff's Response to the Court's Order to Show Cause (Doc. No. 47) be converted to a Motion for Voluntary Dismissal. Because venue in this District is improper, Plaintiff's Motion is GRANTED. Plaintiff's Complaint is hereby DISMISSED

without prejudice.

The Clerk is directed to send a copy of this Order to Plaintiff at 4360 Highway 49 S. 500-251, Harrisburg, North Carolina 28075, and to counsel for Defendants.

IT IS SO ORDERED.

Signed: May 26, 2011

Frank D. Whitney
United States District Judge